[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: December 3, 1993 Date of Application: December 10, 1993 Date Application Filed: December 10, 1993 Date of Decision: June 25, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, Docket No. CR6-365163.
Beth Merkin, Esq., Defense Counsel, for Petitioner.
Robert J. O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
After trial by jury, petitioner was convicted of two counts of robbery in the first degree in violation of General Statutes § 53a-134(a)(4).
As a result of such conviction, a sentence of nine years was imposed on the first count and a consecutive sentence of 11 years was imposed on the second count. The total effective sentence was 20 years.
The facts underlying petitioner's conviction indicate that on two separate dates he entered the Shell Food Mart in New Haven, displayed a handgun, and demanded money and lottery tickets. The clerk on duty complied with petitioner's demand and gave him the money and tickets. CT Page 4405-P
The attorney for petitioner argued that the sentence was excessive and should be reduced. She stated that a sentence in the 8 to 12 year range would be more appropriate because of two principal factors.
The first factor involved the crimes themselves which, although admittedly serious, were not vicious. The gun was only displayed. The robberies were of short duration and no physical injuries resulted.
The second factor was a claim that an injustice resulted from the sentencing judge taking into consideration inappropriately the fact that petitioner utilized the services of the public defender and attempted to defend himself at a jury trial. She argued that defendant who claimed an alibi defense had a right to bring the matter before the jury and his insisting on a jury trial should not have been commented on by the judge. For these reasons, the attorney requested a reduction in sentence.
The attorney also stated that although petitioner had a criminal record, he also had a work history.
Speaking on his own behalf, petitioner stressed his innocence of the crimes for which he was convicted. He also claimed that the presentence investigation was unfair and contributed to his excessive sentence.
The state's attorney argued against any reduction. He pointed out that petitioner was convicted of two separate robberies committed in a relatively short period of time. At the time of sentencing, the state's attorney recommended that the maximum sentence be imposed because of petitioner's prior convictions for crimes of the same nature. The attorney also noted that the sentence imposed was well under the maximum which could have been imposed.
In this matter, the court was required to impose sentence for two separate armed robberies. Petitioner had a record of similar crimes in the past. On two prior occasions, the crimes were committed with considerable violence. Petitioner was given an opportunity for drug treatment and he failed to comply with court-ordered drug screening. The presentence investigation, which did not appear to be unfair, CT Page 4405-Q concluded that petitioner was a threat to society and recommended a maximum sentence. The state's attorney also recommended maximum sentences on the date of sentencing. The sentence imposed by the judge was well under the maximum which could have been imposed.
Under the circumstances of this case, it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offenses committed, the character of the petitioner, the need to protect the public and deter others from the commission of such crimes.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Miano, J.
Purtill, J., Klaczak, J. and Miano, J. participated in this decision.